UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LABBAIK (PVT) LTD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JADOO TV, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-05878-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING CASE**<br><br>Re: Dkt. No. 22 |

Plaintiffs filed their complaint in this litigation on August 20, 2020. Dkt. No. 1. On November 13, 2020, Magistrate Judge Westmore stayed the case after receiving notice that defendant Jadoo TV, Inc. had previously filed a voluntary petition for relief in bankruptcy court. Dkt. No. 20. At the time, the Court noted that it was unclear the case was properly filed, since the organizational plaintiffs were not represented by counsel. *Id.* After learning the bankruptcy case had closed in early 2023, Judge Westmore lifted the stay on August 26, 2024 and ordered plaintiffs to show cause why the case should not be dismissed for either failure to prosecute or failure of the organizational plaintiffs to be represented by counsel. Dkt. No. 21. Judge Westmore asked plaintiffs to respond by September 6, 2024. *Id.* Plaintiffs never responded. On November 19, 2024, Judge Westmore issued a report and recommendation that the case be dismissed for the following reasons:

> First, Plaintiffs are companies that are not represented by counsel. Thus, they are unable to bring claims. *Murphy v. Lmc Constr.*, No. 20-cv-754-KJM AC PS, 2020 U.S. Dist. LEXIS 75590, at *5 (E.D. Cal. Apr. 29, 2020) (finding that a pro se plaintiff could not assert any claims on behalf of his company). Second, Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. See *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Plaintiffs have not filed anything in this case since 2020 and failed to inform the Court that the bankruptcy case had been closed over a year ago. Finally, Plaintiffs failed to respond to the order to show cause.

Dkt. No. 22.

The parties had 14 days from service of the Report and Recommendation to serve and file any objections. Fed. R. Civ. P. 72; *see also* Fed. R. Civ. P. 6(d) (extending deadline by 3 days when a party is served by mail). The deadline to object has passed, and no objections have been received.

The Court has independently reviewed the filings in this case and agrees with Judge Westmore's conclusions. Accordingly, the Court ADOPTS the Report and Recommendation at Docket Number 22 in full. This case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

Dated: December 9, 2024

_____
SUSAN ILLSTON
United States District Judge